UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JENNY MAE VERTZ,

        Plaintiff,

  v.

ANDREW SAUL,

        Defendant.

Case No. 18-cv-606-pp

**ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. §406(B) (DKT. NO. 24)**

On October 29, 2018, the court approved the parties' stipulation for remand under 42 U.S.C. §405(g) and remanded this case to the Commissioner of the Social Security Administration. Dkt. Nos. 16, 17. The parties stipulated to an award of attorney fees under the Equal Access to Justice Act in the amount of $5,970.31, which the court approved on November 23, 2018. Dkt. No. 21. However, on January 15, 2019, the U.S. Department of Treasury notified the plaintiff's attorney that it had applied part of the EAJA payment ($3,587.87) toward a delinquent debt owed to the Department of Education. Dkt. No. 24 at 2. Plaintiff's attorney did not receive the $5,970.31; he received a payment in the amount of $2,382.44, representing the difference between the fee award ($5,970.31) and the debt paid to the Department of Education ($3,587.87). Id.

1

On September 19, 2019, the ALJ issued a fully favorable decision for the plaintiff and awarded past-due benefits. Id. Neither the plaintiff nor her attorney received a Notice of Award; however, the plaintiff's attorney received a letter from the Social Security office indicating it had withheld $12,875.90 (twenty-five percent of the past-due benefits). Id. at 3. Plaintiff's attorney now seeks an award of $4,493.46, with $2,382.44 "from those withheld benefits" to be paid directly to the plaintiff. Id. at 3-4.

## I. Legal Standard

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees under 42 U.S.C. §406. "'Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration; § 406(b) controls fees for representation in federal court.'" Kopulos v. Barnhart, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. Id. at 661. Such fees are deducted from the claimant's benefits and do not constitute an award against the government. Id.

A motion for fees under §406(b) requires court approval. Congress did not intend such review to override the claimant and attorney's fee arrangement but rather to act as an "independent check" to ensure the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court

2

may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the attorney spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

II. **Analysis**

The plaintiff signed a contract with her attorney on agreeing to a 25% total fee for representation before the agency and the court. Dkt. No. 24-4. The second sentence of the fee contract stated:

> I agree that my attorney shall charge and receive as the fee an amount equal to twenty five percent (25%) of the past-due benefits that are awarded to *my family* and me in the event my case is won.

Id. at 1.

The plaintiff's attorney docketed the motion as an "unopposed" motion for attorney's fees. As is typically the case, the Commissioner did not stipulate to the award because it is paid from past-due benefits rather than agency funds. Dkt. No. 24 at 4. The Commissioner's attorney pointed out that the plaintiff's request actually seeks an authorization for a fee of $6,875.90 rather than $4,493.46. Id. The court has confirmed with the Commissioner's attorney, Megan Hugo, that the Commissioner does not oppose this request.

Because of the previous EAJA award and the amounts withheld from that award for payment to the Department of Education, the plaintiff's attorney asks the court to "approve $4,493.46 as attorney fees and order the Commissioner to pay that amount to be paid out of the Plaintiff's withheld

3

benefits, and that the Court order $2,382.44 to be paid from those withheld benefits to the Plaintiff." Id. at 5. The plaintiff's proposed order requires the Commissioner to pay $4,493.46 to the plaintiff's attorney, Daniel S. Lenz, from the plaintiff's past-due benefits and further orders the Commissioner to pay to the plaintiff $2,382.44 from the plaintiff's past-due benefits, representing the offset for the money previously paid to the plaintiff's attorney. Dkt. No. 24-8. Attorney Hugo confirmed that the Commissioner does not oppose the award structured in this manner.

Overall, the fee request appears reasonable. The plaintiff prevailed and the plaintiff's attorney worked 37.25 hours on the brief, and the plaintiff agreed to pay 25% of whatever past-due benefits were awarded to her.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for attorney's fees under 42 U.S.C. §406(b). Dkt. No. 24. The court **AWARDS** Attorney Daniel Lenz attorney fees in the amount of $4,493.46. The court **ORDERS** the Commissioner to pay $4,493.46 to the plaintiff's attorney and $2,382.44 to the plaintiff from the amount withheld from the plaintiff's past-due benefits.

Dated in Milwaukee, Wisconsin this 12th day of January, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**